THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE STASAK, PLAINTIFF IN ERROR.

Decided February 17, 1926.

### Crimes—Unlawful Sale of Liquor—Refusal of Trial Judge to Quash Indictment—Alleged Defect—Objection Must be Made Before Jury is Sworn.

On writ of error to the Warren County Quarter Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *William A. Stryker.*

For the defendant in error, *Sylvester C. Smith, Jr.,* prosecutor of the pleas.

PER CURIAM.

The plaintiff in error was convicted in the Warren County Quarter Sessions Court on an indictment containing two counts, the first of which charged him with a second offense of unlawful sale of intoxicating liquor, and the second charged him with unlawful possession of intoxicating liquor as a second offense, contrary to section 10 of an act of the legislature entitled "An act concerning intoxicating liquor used, or to be used, for beverage purposes."

There was a trial, a verdict and judgment. The assignments of errors relate solely to the refusal of the trial judge to quash the indictment.

A motion to quash an indictment is a motion addressed to the discretion of the court and not *ex debite justitiae. State* v. *Hageman,* 1 *Gr.* 314; *State* v. *Dayton,* 3 *Zab.* 49; *Proctor* v. *State,* 55 *N. J. L.* 472; *Parks* v. *State,* 62 *Id.* 664. In

order for a defendant to avail himself of a defect in the indictment a motion to quash must be made before the jury is sworn. *State* v. *Mead,* 53 *Id.* 601.   It was there held that if no objection has been made to an indictment before the trial jury is sworn, the indictment cannot be questioned upon a motion in arrest of judgment.   In the present case there was a motion to quash the indictment before the trial jury was sworn, but the matter was pursued no further.   There was no motion made in arrest of judgment or for a direction of a verdict upon the ground that the indictment was defective, in that it failed to charge a crime.   It is firmly settled by the decisions in this state that the motion to quash is one addressed to the discretion of the court, and, therefore, the denial of such a motion, *ipso facto,* furnishes no legal basis for the support of an assignment of error.   *State* v. *Pisaniello,* 88 *Id.* 262; *State* v. *Rubin,* 91 *Id.* 368; *State* v. *Rosenberg,* 92 *Id.* 525; *State* v. *Riggs,* 92 *Id.* 575; *State* v. *Fisher,* 94 *Id.* 12; *State* v. *Grossman,* 94 *Id.* 303.

Judgment is affirmed.